ANDREW B. CHURA, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant.— In affirming the court does not reach the question, because it is not necessary, whether any rights of action in behalf of anyone arising from the death survive the present dismissal on the ground assigned by Special Term. Concur — Botein, P. J., Breitel, Rabin, Eager and Noonan, JJ.

IRENE WILLIAMS et al., Appellants, v. ANGELO VEER et al., Respondents.— On this record, plaintiffs have made a sufficient showing to warrant the granting of the preference. Concur — Botein, P. J., Breitel, Rabin, Eager and Noonan, JJ.

IRVING BARELKO, Appellant, v. POWDER POWER TOOL CORP. et al., Defendants, and POWDER POWER TOOL OF NEW YORK, INC., Respondent.— The delay in making the application until more than two years after the facts arose upon which the proposed defense is based, and the indicated prejudice to plaintiff-appellant constitute laches. (4 Carmody-Wait, New York Practice, § 28, p. 572.) Concur — Botein, P. J., Breitel, Rabin, Eager and Noonan, JJ.

In the Matter of the Accounting of FRANCES BERNSTEIN, Now Known as FRANCES B. PESKIN, as Administratrix of the Estate of DAVID BERNSTEIN, Deceased, Respondent. FREIDA KATZ et al., Appellants; ROSA JOSEPHSON et al., Respondents.— Concur — Botein, P. J., Breitel, Rabin, Eager and Noonan, JJ.

FLORENCE STRONG, Respondent, v. DANIEL STRONG, Appellant.— Plaintiff wife has not been candid about the assets possessed by her, especially if one credit her claim in her reply affidavit that she is the owner of the stock that she concededly obtained from defendant husband. In view of that circumstance and because she is possessed of some assets, although how much still remains she has never made clear, the modifications above set forth are merited. Of course, there should be an early trial. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Noonan, JJ.